## AARON W. BURNSIDE

### v.

## P. L. O'HARA ET AL.

*Mechanic's Liens—Sec. 35, Chap. 82, R. S.—Sess. Laws, 1887; 109—Amendment.*

1.  A contractor who hires out his license to another who has none, in order that the latter may purchase material and carry out a contract he has entered into, is not entitled to a lien upon the premises in question, in case of non-payment of the price agreed upon for the use of said license.

2.  A waiver by an owner of that which the statute expressly makes a condition precedent to the attaching of a lien, can not be relied upon as a substitute for the performance of the condition in question.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. G. W. PLUMMER, for appellant.

Mr. G. W. HALL, for appellees.

GARNETT, J.    This appeal calls in question a decree for a mechanic's lien for $215.88, rendered on a cross-petition filed by O'Hara against Burnside.

The labor and material for which the lien is asserted, were included in the contract for plumbing, gas fitting and sewer

building in appellant's house. One Cook was the original contractor for the plumbing, etc., and as he was not a licensed plumber, he made an agreement with O'Hara to use the license of the latter in purchasing the plumber's materials. The object was to enable Cook to make the purchase, which it seems he could not have done without the use of the license.

In consideration of the use of the license, Cook agreed to pay to O'Hara, ten per cent on the cost of the materials. The cross-petition sets up a claim of $40 under that contract. The statute makes no provision for such a case. Only those who furnish labor and materials, or services as an architect or superintendent, are entitled to liens. Appellee did neither, but simply hired out the use of his license, and for a recovery he can have a remedy against none but Cook.

After partial performance of his contract, Cook either abandoned the job, or was discharged, and a new contract is said to have been made by O'Hara with Burnside to complete the plumbing, etc. O'Hara says he finished the work under that contract, and the court below by its decree awarded him $175.88 therefor.

Sec. 35, Chap. 82, R. S., as amended (Sess. Laws 1887, 169), requires the original contractor, whenever any payment of money shall become due from the owner, to make out and give to the owner a statement under oath, of the number, name of every sub-contractor, mechanic or workman in his employ, or persons furnishing materials, giving their names and the rate of wages or the terms of contract, and how much, if anything, is due or to become due to them or any of them, for work done or materials furnished, and the section further enacts that until the statement thus provided for is made, the contractor shall have no right of action or lien against the owner on account of such contract.

There is no pretense of compliance with this section, either in the petition or in the evidence. The delivery of the statement is made a condition precedent to the attaching of a lien. It can not attach by waiver of the condition, as counsel for appellee insists. In this proceeding the rights of the contractor are purely statutory. The lien " is exclusively the creature

of statute, deriving its existence only from positive enactment. There can be no lien independent of statute. It does not arise out of, nor is it the essence of, the contract for labor, nor dependent on the motives which suggest its being enforced. It is a mere incidental accompaniment as a means of enforcing payment; a remedy given by law, which secures the preference provided for, but does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements." Phillips on Mechanics' Liens, Sec. 9.

And as the right to a lien does not arise out of a contract, but wholly from the statute, we think a waiver by the owner of that which the statute expressly makes a condition precedent to the attaching of a lien, can not be relied upon as a substitute for performance of the condition. In this respect the case differs from Downey v. O'Donnell, 92 Ill. 559.

What is here said must not be understood as deciding that an action at law can not be maintained without delivery of the statement described in Sec. 35, where a waiver thereof is proved.

This opinion concerns statutory rights only.

If, as suggested by appellee, the statement was delivered to Burnside, he can amend the cross-petition on the redocketing of the case in the Superior Court, and on the next hearing, make proof thereof.

The decree is reversed and the cause remanded.

*Reversed and remanded.*