# RUTH W. FLOYD

## v.

## CHARLES RATHLEDGE AND G. H. RATHLEDGE, CO-PARTNERS.

*Mechanics' Liens—Sworn Statement—Waiver—Building Contract—Balance Due—Extras.*

Floyd v. Rathledge.

1.   A party should not be held to waive that which is necessary to constitute a right of action against him, unless it fairly appears from the evidence in a given case, that he actually intended to waive it, or his conduct has been such as to estop him to deny that he did waive it.

2.   In the case presented, this court holds that the evidence does not justify the assumption that the statement referred to in Sec. 35 of the amendments to the Mechanics' Lien law, was waived by the defendant herein.

[Opinion filed November 2, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. D. H. PINNEY, for plaintiff in error.

Messrs. BAKER & GREELEY, for defendants in error.

MORAN, J.    This is an action to recover a balance alleged to be due for work performed under a contract made by defendants in error with plaintiff to build a front on three stone buildings. ·There is also a claim for extras.    There was a verdict and judgment in favor of defendants in error, and the record is brought to this court and various errors assigned.

There were several material issues of fact between the parties on the trial, on which issues plaintiff in error contends that the evidence greatly preponderated in her favor.

The point is pressed that there was no compliance with Sec. 35 of the amendments to the Mechanics' Lien Law, in force July 1, 1887, requiring the contractor to give to the owner a statement under oath of the number, name of every sub-contractor, etc.    Said section declares that "until the statement provided for in this section is made in manner and form as herein provided, the contractor *shall have no right of action or lien against the owner on account of such contract,*" etc.

It is not pretended that defendants in error did comply with this provision of the law, but it was contended that plaintiff in error waived such statement as the statute requires, and so the jury must have found by their verdict.

We have carefully considered all the evidence in the record going to show a waiver of this sworn statement, and we are

forced to the conclusion that the verdict upon that issue is against the clear preponderance thereof. The pretended waiver is alleged to have occurred in a heated dispute about a settlement of the work as done, in which the parties called each other liars and rogues, and in which no disposition to waive any right can, in our opinion, be fairly discovered.

So far as the witnesses have attempted to relate what was actually said by the parties, it can not be inferred that either was talking of, or had in mind at all the sworn statement required by the statute. If regard were to be had to the conclusion of the witnesses for the defendants in error, it might be admitted that such a statement was being talked about. It is, however, what was *said*, and not what the witnesses *concluded* from what was said, that is to be regarded.

A party should not be held to waive that which is necessary to constitute a right of action against him, unless it fairly appears from the evidence that he actually intended to waive it, or his conduct has been such as to estop him to deny that he did waive it.

The evidence relating to the waiver in this case seems to us to be very unsatisfactory. It is strained, does not fit well together, and there appears to us to be an effort on the part of the witnesses to make words apply to this statement which, from their context in the conversation, were used with reference to a wholly different statement which the parties then had in mind.

The case is in other respects unsatisfactory on the evidence, but we forbear the discussion of other points now. We think justice is more likely to be attained by submitting the matter in dispute to another jury, and the judgment will therefore be reversed and the case remanded for a new trial.

*Reversed and remanded.*