## Edwin D. Morse
### v.
## John E. Crate.

43  513
76  375

*Contracts—Action for Goods Furnished and Work Done—Non-compliance with Statutory Requirement as Bar to Action on Contract—Waiver—New Promise—Consideration for.*

A man may always bind himself by a promise to pay an honest debt, whatever bar, such as bankruptcy, statute of limitation or the requirement of performance of conditions precedent, may, in fact or law, exist to bar an action on the original contract under which the indebtedness was incurred.

[Opinion filed January 14, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Bangs & Bangs, for appellant.

Messrs. Hynes & Dunne, for appellee.

Moran, J. This action was brought to recover for labor and material furnished by appellee upon appellant's house in process of erection, under a memorandum or agreement as follows:

"October 7, 1890, E. D. 806 Madison Street,
House 541 West Van Buren Street.

Sold 8 No. 760 mantels with East Lake frame, brass and nickel plate, C. H. dumping grates, and the choice of tile

hearths and facings in the show-room, except the French gray, also 8 dumpers and settings for $344. The above is O. K.

Signed, E. D. MORSE."

The declaration was the common counts, and the case was tried by the court without a jury, and the evidence, wholly uncontradicted, tended to prove appellee delivered the goods to appellant and did the setting according to the terms of the order; that the work was well done and to appellant's satisfaction; that when appellee called on him for the pay he put him off with some excuse for delay and wrote him letters relating to the payment of the bill, in one of which he said: " I will not ask you to wait longer than the first of next week. * * * Believe me, I will reach you soon. Thanking you for your kind indulgence I remain," etc.; and in another: " On my return to the city will fix matters, and fix you within a few days." The court found for appellee for the amount of his bill, overruling the appellant's demurrer to the evidence.

Appellant's point is that plaintiff has no right of action as he had not complied with Sec. 35 of the Mechanic's Lien Act requiring the contractor to make out and give to the owner a statement under oath of the number and names of sub-contractors, etc. We have held in Floyd v. Rathledge, 41 Ill. App. 370, that the making of such a statement under oath, and delivering the same to the owner, was a condition precedent to the maintenance of an action by the contractor upon the contract under which the work was done, but we recognize that such statement might be waived by the owner, and that on proof of such waiver a recovery might be had. Where a common law action is sought to be maintained, the right sought to be enforced arises on the contract and not out of the statute, and therefore a waiver may operate to remove the bar to the action when such waiver would not be effectual to create a lien. Burnside v. O'Hara, 35 Ill. App. 150.

The judgment in this case may be sustained on a ground other than that of waiver. The action is maintained on the promise to pay for the material and labor after its receipt and acceptance by appellant. The benefit of the labor and material is a sufficient consideration to support a new promise,

which the law will enforce even though an action on the contract under which the work was done and material furnished can not be maintained.   A man may always bind himself by a promise to pay an honest debt, whatever bar such as bankruptcy, the statute of limitations, or requirement of performance of condition precedent, may in fact or in law exist to bar an action on the contract under which the indebtedness was incurred.

This is so familiar that it requires no citation of authority. The judgment is right and will be affirmed.

*Judgment affirmed.*