LEE M. BONHEIM

v.

JOHN MEANY.

*Mechanics' Liens—Action for Labor and Material—Requirements of Statute as Condition Precedent—Sec. 35.*

The making of the statement required by Sec. 35 of the Mechanics' Lien Law is a condition precedent to the maintenance of an action by the contractor upon his contract.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Bonheim v. Meany.

Messrs. ABBOTT & BAKER, for appellant.

Messrs. WILLETT & JOHNSON, for appellee.

MORAN, J.    Appellee made a written contract in February, 1889, for doing the plumbing work and furnishing the materials therefor on appellant's house according to certain plans and specifications.

This action was commenced before a justice to recover a balance alleged to be due to appellee on said contract.    From the justice's judgment an appeal was taken to the Superior Court, and on a trial there by the court, a jury being waived, there was a finding and judgment for appellee.    Exceptions to the finding and to overruling the motion for a new trial were duly preserved by appellant.    The appellee did not make and give to the appellant a statement under oath of the number and names of mechanics or workmen in his employ on the work or of those furnishing material therefor, etc., as required by Sec. 35 of the Mechanics' Lien Act as it stood when the contract for the work was made and the work performed.    Said section of the law provides that until said statement is made the contractor shall have no right of action against the owner on account of such contract.    The making of such statement is a condition precedent to the maintenance of the action, unless where the proof shows that such statement has been waived by the owner, or there is an acceptance of the work and unconditional promise made to pay for it, after the work is done.    There is in this case no evidence whatever tending to show a waiver of such statement or a subsequent promise to pay for the work.    Failure by the owner to request the contractor to furnish such statement is no waiver of it.    The law makes the furnishing of such statement a necessary element to be proved by him in order that he may bring and maintain his action.    See Floyd v. Rathledge, 41 Ill. App. 370, and Wieska v. Imroth, 43 Ill. App. 357.

The judgment must be reversed.

*Judgment reversed.*