PHILIP NAUGHTEN

V.

WILLIAM PALMER.

*Mechanics' Lien—Act of 1887.*

1.   A petition for a mechanics' lien by an original contractor can not be sustained unless he has complied with the provisions of the lien law.

2.   A failure to call for the statement which the original contractor was bound to furnish before he could draw money in view of the act of 1887, can not be looked upon as a waiver of the obligation to supply the same.

[Opinion filed December 29, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. OSCAR P. BONNEY, Judge, presiding.

Messrs. Walker, Judd & Hawley and C. Edward Thornton, for appellant.

Mr. A. W. Martin, for appellee.

Mr. Justice Waterman. This was a petition for a mechanic's lien, filed August 15, 1888. The contract was made February 25, 1888, and the work was completed May 1, 1888.

No statement was ever furnished by the contractor to the owner as required by the law in force when the contract was made, the work done and the petition filed. The act of 1887 applicable to this case is as follows:

" The original contractor shall, whenever any payment of money shall become due from the owner, or whenever he desires to draw any money from the owner, lessee, or his agent, on such contract, make out and give to the owner, lessee or his agent, a statement, under oath, of the number, name of every sub-contractor, mechanics or workmen in his employ, or person furnishing materials, giving their names and the rate of wages or terms of contract, and how much, if anything, is due or to become due to them or any of them for work done or materials furnished." * * *

" Until the statement provided for in this section is made in manner and form as herein provided, the contractor shall have no right of action or lien against the owner on account of such contract."

A petition for a mechanic's lien by an original contractor can not be sustained unless he has complied with the provisions of the lien law. Curran v. Smith, 37 Ill. App. 69; Barton v. Steinmitz, 37 Ill. App. 141; Floyd v. Rathledge, 41 Ill. App. 370.

It is immaterial that this proceeding is between the contractor and owner only; the statute declared that the contractor should have no right of action or lien until the statement provided for should be filed. A mere failure to call for such statement can not be considered as a waiver of an obligation resting upon the contractor and an imperative

requirement for a right of action. Burnside v. O'Hara, 35 Ill. App. 150.

The decree of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*