Argued 12 October; decided 31 October, 1898.

DENNY v. MCCOWN.

[54 Pac. 952.]

1. DEFINITION OF THE WORD "VOID."—The word "void," in Hill's Ann. Laws, § 2736, providing that all obligations whereby land situated in more than one county in the State is made security for the payment of a debt shall be void,—must be given its ordinary meaning of null and incapable of confirmation, since it is apparent that the purpose of the section is to secure to the state the revenues to be obtained from the assessment and taxation of mortgages of real property.

34 47
38 530

34 47
43 421

2. CURING VOID CONTRACT BY SUBSEQUENT LEGISLATION.—No statutory ratification or subsequent legislation can make valid a contract that was null and void at its inception; thus, where a mortgage is absolutely void, because it covers land in more than one county, its validity cannot be cured by subsequent legislation repealing the provision, or consolidating counties in such a way as to bring the lands mortgaged within one county.

3. REMEDY AT LAW—JURISDICTION OF EQUITY.—The rule that when equity has obtained jurisdiction for one purpose it will proceed to administer complete justice cannot be invoked to procure a money judgment in a foreclosure suit where the mortgage was adjudged void, for the equitable jurisdiction depended on the validity of the mortgage, and as to the money claim there is an adequate law remedy: *Ming Yue* v. *Coos Bay R. R. Co.*, 24 Or. 392, and *Stemmer* v. *Scottish Ins. Co.*, 33 Or. 66, followed.

From Multnomah : LOYAL B. STEARNS, Judge.

Foreclosure by O. N. Denny and others against Sarah M. McCown. From a judgment for plaintiffs, defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Brownell & Campbell*, and *Starr, Thomas & Chamberlain*, with an oral argument by *Mr. Geo. C. Brownell*.

For respondent there was a brief over the name of *Dolph, Nixon & Dolph*, with an oral argument by *Mr. Chester V. Dolph*.

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit to foreclose a deed intended as a mortgage. The facts are that on October 28, 1892, the Portland Savings Bank, a corporation, loaned to defendant the sum of $5,000, and agreed to advance the further sum of $7,500, to secure the payment of which she on that day executed to H. C. Stratton, in trust for said bank, a deed which purported to convey certain real property situated in the Town of Sellwood, in the counties of Clackamas and Multnomah, in the State of Oregon; that on December 27, 1892, the bank also loaned to

defendant the sum agreed to be advanced, whereupon she executed to it a promissory note for the sum of $12,500, payable in six months, with interest from that date at the rate of nine per cent. per annum, no part of which has been paid, except the interest to June 27, 1893. The suit was instituted by the Portland Savings Bank and H. C. Stratton, its trustee; but O. N. Denny, having been appointed receiver for the bank, was by order of the court substituted as plaintiff. The complaint is in the usual form, and its material allegations are admitted; but it is claimed in the answer that, by reason of the attempt to create a lien upon real property situated in more than one county, the trust deed is void. A trial being had upon this issue, it resulted in a decree for the plaintiffs.

1. It is contended by defendant's counsel that Section 2736, Hill's Ann. Laws, which was in force when the trust deed was executed, renders the instrument ineffectual to create a lien, because the real property covered by it was situated in more than one county, and that the court erred in refusing to dismiss the suit; while plaintiffs' counsel insist that, if the deed is void at all, it is only so for the purposes of assessment and taxation; that if it should be held, however, that the deed did not create a lien at the time it was executed, the legislative assembly, prior to the commencement of the suit, cured the defect and afforded a remedy for the foreclosure by repealing Section 2736, supra (Laws 1893, p. 6), and also by changing the boundary of Clackamas County, so that the whole territory of Sellwood, including the premises in question, is now within Multnomah County (Laws 1893, p. 78); and that in any event, if it should be held that no lien was created by the trust deed, a court of equity, having obtained juris-

34 OR.—4.

diction, had authority to render a decree for the amount demanded, which ought not to be disturbed on appeal.

The title of the act which included Section 2736, *supra*, reads: "An act to define the terms 'land' and 'real property' for the purpose of taxation, and to provide where the same shall be assessed and taxed, and to declare what instruments whereby land and real property is made security for the payment of a debt, shall be void, and to repeal Sections 2 and 7 of Chapter LVII of the Miscellaneous Laws of Oregon:" Laws 1882, p. 64. Section 1 of this act, after defining "real property" and "land," contains the following provision: "And a mortgage, deed of trust, contract, or other obligation, whereby land or real property situated in no more than one county in this state, is made security for the payment of a debt, shall, for the purposes of assessment and taxation, be deemed and treated as real property." It will be seen, from the title of the act and the language quoted, that the words "mortgage, deed of trust, or other instrument," etc., are, for the purpose of taxation, defined to mean "land" or "real property." The legislative assembly declared by statute that a lien was land—that the shadow was the substance—only for the purpose of assessment and taxation, and not that a mortgage embracing lands in more than one county was to be deemed void for the purpose of taxation. If such a construction of the statute had been permissible, mortgages prohibited thereby would have been taken for the purpose of avoiding the assessment and taxation of such securities. Plaintiff's counsel argues, however, that the statute rendering a mortgage on real property situated in more than one county void is in the nature of a penalty, and, this being so, the mortgagee would be compelled to pay in each county the whole amount of taxes which might be assessed thereon in other counties. Section 2

of the act under consideration, which is incorporated in Hill's Ann. Laws as Section 2735, reads: "All land shall be assessed and taxed in the county where the same shall lie." It is evident that since a mortgage is deemed to be land, within the purview of the act, the assessor of one county would have no extra-territorial jurisdiction, and would be powerless to assess mortgages of real property situated in another county, although the mortgage may have been recorded in the former county.

Section 2736, *supra*, so far as it applies to the case at bar, reads as follows: "All mortgages, deeds of trust, contracts, or other obligations hereafter executed, whereby land situated in more than one county in this state is made security for the payment of a debt, shall be void." The argument of plaintiffs' counsel proceeds upon the theory that the word "void," in this clause of the statute, should be construed to mean "voidable" only, and that, giving to the statute such an interpretation, the defect in the trust deed was cured by the repeal of the mortgage tax law, and also by the change in the boundary of Clackamas County. In *Van Shaack* v. *Robbins*, 36 Iowa, 201, Mr. Justice COLE, after citing many cases to illustrate the rule for construing the word "void" when used in a statute, says: "These cases abundantly show that the word 'void' does not always mean 'null and incapable of confirmation;' but its true meaning is always to be determined from all the language used, and the intent thereby manifested. Where the word is used to secure a right to or confer a benefit on the public, it will, as a rule, be held to mean 'null and incapable of confirmation.' But, if used respecting the rights of individuals capable of protecting themselves, it will often be held to mean 'voidable' only; just as the word 'may' will be construed to mean 'must,' where that appears to be the intent of the statute, and, generally, where the public

interests and rights are concerned, it will be interpreted to mean 'must,' or the imperative." This court has construed the word "may" to mean "must" when used in a statute under the circumstances indicated in the opinion, an extract of which is just quoted : *Smith* v. *King*, 14 Or. 10 ( 12 Pac. 8 ); *Kohn* v. *Hinshaw*, 17 Or. 308 ( 20 Pac. 629 ); *McLeod* v. *Scott*, 21 Or. 94 ( 26 Pac. 1061, and 29 Pac. 1 ). Applying the rule deducible from these cases, it is manifest that the legislative assembly, by the use of the word "void" in section 2736 of our statutes, intended to secure to the state the revenues to be obtained from the assessment and taxation of mortgages of real property ; and, the act being evidently designed to promote the public welfare, and not to protect the interests of any person, the word under consideration must be given its ordinary meaning. See, also, 28 Am. & Eng. Enc. Law (1 ed.) 475, and cases in note 2.

2. Plaintiffs' counsel, in support of their contention that the repeal of the mortgage tax law, prior to the commencement of the suit, cured the defect in the trust deed, and revived the remedy for its foreclosure, cite the case of *First National Bank* v. *Henderson,* 101 Cal. 307 (35 Pac. 899), in which plaintiff, a banking corporation, brought an action to recover the amount of certain payments made upon defendant's checks. One of the defenses interposed was the failure of plaintiff to comply with the provisions of an act of California (Stat. 1876, p. 729) which required certain officers of a banking corporation to publish in a newspaper, and file in the recorder's office, a sworn statement of the amount of capital actually paid into such corporation, and also provided that "no person or persons who fail to comply with the provisions or any of the provisions of this law, shall maintain or prosecute any action or proceeding in any of the courts of this state until they shall have first duly filed the statement herein

provided for, and in all other respects complied with the provisions of this law." Judgment having been rendered against the defendants, one of them appealed, pending which the legislative assembly repealed the act requiring such statement; and it was held that its provisions were in the nature of a penalty, and intended merely to secure compliance with the statute, and that the repeal thereof, pending the appeal in an action brought by the corporation, deprived the appellate court of the power of rendering a judgment enforcing such penalty. It will be observed that the act of California did not inhibit a banking corporation from entering into contracts, but postponed the remedy for their enforcement until the officers of such corporations had complied with the legal requirements. Such a contract being valid, the defense to an action for a breach of its stipulations was in the nature of a plea in abatement; but in the case under consideration, the contract being void by the terms of the statute, a defense to a suit for the foreclosure of a mortgage embracing real property in more than one county is in the nature of a plea in bar. The contract, having been void at its inception, was incapable of ratification; and, this being so, the repeal of the statute could not have the effect of creating a lien on the property in question.

3. The rule that a court of equity, obtaining jurisdiction of a cause for one purpose will retain it until complete justice is administered can have no application to the case at bar; for, the jurisdiction to foreclose the trust deed being dependent upon the existence of the lien, it could not be legally exercised, on account of the invalidity of the instrument, and, the plaintiff having a complete and adequate remedy at law upon the note, the court was powerless to award a money judgment thereon: *Beacannon* v. *Liebe*, 11 Or. 443 (5 Pac. 273) *Phipps* v.

*Kelly,* 12 Or. 213 (6 Pac. 707); *Ming Yue* v. *Coos Bay R. R. Co.,* 24 Or. 392 (33 Pac. 641); *Stemmer* v. *Scottish Ins. Co.,* 33 Or. 65 (53 Pac. 498). It follows that the decree must be reversed, and the suit dismissed.

REVERSED.