## DONEY v. LAUGHLIN.

[No. 6,976. Filed May 12, 1911. Rehearing denied December 20, 1911. Transfer denied March 29, 1912.]

1. STATUTES.—*Construction.—General Rules.*—Statutes *in pari materia*, and those on the same general subject not strictly *in pari materia*, should be construed together when necessary to ascertain and carry into effect the legislative intent, and §7463 Burns 1908, Acts 1901 p. 104, requiring commission contracts for the sale of real estate to be reduced to writing, should be construed in connection with various sections of the statute of frauds. p. 40.

2. STATUTES.—*Construction.—Intention of Legislature.*—In determining the intention of the legislature in enacting a statute, we may look to the letter of the statute, to the statute as a whole, to the circumstances under which it was enacted, the mischief intended to be remedied and to all like and kindred matters. p. 41.

3.  STATUTES.—*Construction.—Meaning of Words.—"Void" and "Invalid."*—The words "void" and "invalid," when used in regard to contracts not immoral nor against public policy, usually mean voidable at the option of one of the parties or some one legally interested therein.  p. 42.

4.  CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Statute.—Construction.*—Under §7463 Burns 1908, Acts 1901 p. 104, providing that no contract for the payment of a commission for the sale of real estate shall be valid unless the same shall be in writing, such contract is not invalid because it was not reduced to writing before the services were performed.  p. 44.

5.  CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Sufficiency.*—An instrument properly dated and signed, reciting that "for services rendered or commission" to the agent, "for selling my farm, paid on same $100.  Balance $150.  I agree to pay" to said agent, "due on or before February 1, 1908," is sufficient under §7463 Burns 1908, Acts 1901 p. 104.  p. 45.

6.  CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Description of Land.—Statute.—Evidence.*—§7463 Burns 1908, Acts 1901 p. 104, does not provide that an agreement to pay a commission for the sale of real estate shall contain a description of the real estate, and in an action on such contract parol testimony may be admitted to enable the court to properly apply the contract to the subject-matter.  p. 45.

7.  CONTRACTS.—*Sale of Real Estate.—Commission Contracts.—Time of Execution.*—Where a seller of real estate received the benefit of services of an agent who negotiated the sale, and thereafter executed his obligation in writing to pay the agent, such instrument though executed after the sale sufficiently meets the requirements of §7463 Burns 1908, Acts 1901 p. 104.  p. 46.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by George A. Doney against Abram W. Laughlin. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Charles E. Shively* and *Ray Karr Shively,* for appellant.
*Abel L. Study* and *Robert L. Study,* for appellee.

FELT, J.—Suit on a written instrument for the collection of a commission for the sale of real estate.  Demurrer to the first paragraph of amended complaint, for insufficiency of the facts alleged, sustained, and on refusal to plead further, judgment was rendered against appellant, from which this

appeal was taken, and the ruling on the demurrer is the error relied on for reversal.

The complaint alleges, in substance, that appellant is a real estate agent, and in 1907, at the special instance and request of appellee, sold certain real estate belonging to him; that on December 19, 1907, after said services were rendered, they had a settlement, and agreed upon $250 as the amount due from appellee for said services, and appellee then and there paid thereon the sum of $100, and executed the following written instrument:

"Cambridge City, Indiana, 12, 19, 1907. For services rendered or commission to Geo. A. Doney, of $250 for selling my farm, paid on same $100. Balance $150, I agree to pay said Doney, due on or before February 1, 1908."

Appellee failed and refused to pay said sum of $150, which is due and unpaid.

The principal questions discussed relate to the sufficiency of the written instrument to meet the requirement of the statute, and to the time of its execution. Section 7463 Burns 1908, Acts 1901 p. 104, reads as follows: "That no contracts for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative."

Statutes *in pari materia,* and those on the same general subject not strictly *in pari materia,* should be construed together when necessary to ascertain and carry into effect the legislative intent. Section 7463, *supra,* should be construed in connection with the various sections of our statute of frauds. *Conn* v. *Board, etc.* (1898), 151 Ind. 517, 525; *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226, 231; *Board, etc.,* v. *Marion Trust Co.* (1902), 30 Ind. App. 137, 140.

In determining the intention of the legislature in enacting a statute, we may look to the letter of the statute, to the statute as a whole, to the circumstances under which it was enacted, the mischief intended to be remedied, and to all like and kindred matters. *Board, etc.,* v. *Board, etc.* (1891), 128 Ind. 295, 298; *Hunt* v. *Lake Shore, etc., R. Co.* (1887), 112 Ind. 69, 75.

It is contended by appellee that the statute, requiring that commission contracts for the sale of real estate must, to be valid, be reduced to writing, cannot be satisfied unless the agreement is reduced to writing before the services are rendered; that in the absence of such writing preceding the rendition of the services, the agreement is absolutely null and void, and a subsequent written contract on the subject is without consideration and void. On the other hand, it is contended by appellant that a verbal contract for a real estate commission, not being immoral nor against public policy, and a sale by an agent being such a transaction, that in the absence of the statute and independent of any express contract the law would imply an obligation on the part of the seller to pay for the fair and reasonable value of beneficial services. The verbal agreement is not void in the strict and extreme meaning of that word, and the services rendered thereunder afford an equitable consideration sufficient to support a subsequent written contract on the same subject. On slightly varying facts and similar statutes, it is beyond question that there is apparent authority for both of these positions, and hence the necessity of construing the statute, and especially the word "valid", to determine and make effective the legislative intent.

Section 7855 Burns 1908, §5119 R. S. 1881, provides that suretyship contracts of married women are void as to them, but our courts have uniformly held that such contracts are voidable and not void, and that a married woman, to obtain the benefit of the statute, must plead coverture and surety-

ship.  *Lackey* v. *Boruff* (1899), 152 Ind. 371, 377; *Shirk* v. *Stafford* (1903), 31 Ind. App. 247, 251.

In construing our statute declaring that usurious contracts are void as to the usurious interest, such contracts are held to be only voidable *pro tanto*.  *Studabaker* v. *Marquardt* (1876), 55 Ind. 341, 347; *Lemmon* v. *Whitman* (1881), 75 Ind. 318, 329, 39 Am. Rep. 150.

It has been held that the words "void" and "invalid", when used in regard to contracts not immoral nor against public policy, usually mean voidable at the option of one of the parties, or some one legally interested therein, and that such construction leads to fewer errors than that which ascribes to those words the meaning of absolute nullity for any and all purposes.  *State* v. *Richmond* (1853), 26 N. H. 232; *Mutual Benefit Life Ins. Co.* v. *Winne* (1897), 20 Mont. 20, 49 Pac. 446; *Pearsoll* v. *Chapin* (1862), 44 Pa. St. 9; *Ewell* v. *Daggs* (1883), 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682; *Kearney* v. *Vaughan* (1872), 50 Mo. 284; 8 Words and Phrases 7334, 7335.

In the case of *Ewell* v. *Daggs, supra,* on page 150, the court, by Justice Matthews, said: "A distinction is made between acts which are *mala in se,* which are generally regarded as absolutely void, in the sense that no right or claim can be derived from them; and acts which are *mala prohibita,* which are void or voidable, according to the nature and effect of the act prohibited."

It has also been held that "if it concerns the public good, it is generally to be considered void; but if it is prohibited for the purpose of securing the private rights of the parties interested, it is only voidable.  Where the public interest is not concerned, it is sufficient to allow the party who may be prejudiced by an unlawful sale or contract to avoid it."  *Mutual Benefit Life Ins. Co.* v. *Winne, supra.*  See, also, *Fletcher* v. *Stone* (1825), 3 Pick. 250; *Veeder* v. *McKinley-Lanning Loan, etc., Co.* (1901), 61 Neb. 892, 86 N. W. 982,

986; *Van Schaack* v. *Robbins* (1873), 36 Iowa 201; *Denny* v. *McCown* (1898), 34 Or. 47, 54 Pac. 952.

Our statute of frauds (§7462 Burns 1908, §4904 R. S. 1881) provides that no action shall be brought in certain cases, unless the contract, or some memorandum or note thereof, is in writing, and such obligations have uniformly been held to be voidable and not void. This section, being §1 of the act of 1852, clearly relates to the remedy and proof, and not to the contract itself; but the mischief sought to be remedied is practically the same as that of the statute relating to real estate commission contracts. *Shierman* v. *Beckett* (1882), 88 Ind. 52; *Day* v. *Wilson* (1882), 83 Ind. 463, 43 Am. Rep. 76; *Wills* v. *Ross* (1881), 77 Ind. 1, 40 Am. Rep. 279; *Riley* v. *Haworth* (1903), 30 Ind. App. 377; *Washington Glass Co.* v. *Mosbaugh* (1898), 19 Ind. App. 105; *Lowman* v. *Sheets* (1890), 124 Ind. 416, 7 L. R. A. 784.

Section 7474 Burns 1908, §4915 R. S. 1881, being §12 of the act of 1852, provides that certain conveyances shall be void. Section 7479 Burns 1908, §4920 R. S. 1881, being §17 of the act of 1852, provides likewise; but the conveyances therein declared void are not absolutely void for all purposes, but may be avoided, on the conditions specified in the statute, at the suit of the injured party. *Kitts* v. *Willson* (1892), 130 Ind. 492; *Kitts* v. *Willson* (1895), 140 Ind. 604; *Whitney* v. *Marshall* (1894), 138 Ind. 472.

In the case of *Wiggins* v. *Keizer* (1855), 6 Ind. 252, 257, the court quoted from the case of *Wennall* v. *Adney* (1802), 3 Bos. & Pul. 247, as follows:

"An express promise can only revive a precedent good consideration which might have been enforced at law, through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not

barred by any legal maxim or statute provision.'' *Wills* v. *Ross, supra,* 7; *Comstock* v. *Coon* (1893), 135 Ind. 640, 643; *Mohr* v. *Rickgauer* (1908), 82 Neb. 398, 117 N. W. 950, 26 L. R. A. (N. S.) 533; *Stout* v. *Humphrey* (1903), 69 N. J. L. 436, 55 Atl. 281; *Freeman* v. *Robinson* (1876), 38 N. J. L. 383, 20 Am. Rep. 399; *Drake* v. *Bell* (1899), 55 N. Y. Supp. 945.

The object of the legislature in enacting the statute requiring real estate commission contracts to be in writing was in general, the same as that which led to the enactment of our statute of frauds, viz., to avoid frauds and perjuries, and the later is especially for the protection of those selling real estate through agents, to avoid conflict as to who, if any one, is entitled to the commission, and definitely to fix the amount to be paid. In enacting the statute, the legislature plainly provides that a contract for a real estate commission is invalid, or incapable of legal enforcement, unless in writing signed by the person obligated or his authorized agent. But this enactment did not change the character of the services rendered, and it still remains beneficial to the person whose real estate is sold, and, but for the statute, such verbal agreement is legally enforceable. If the services were rendered without any express agreement, either oral or written, the law but for the statute would imply an obligation on the part of the seller, to pay therefor, if he accepts the benefits of the services, and such implied obligation could be enforced by suit, in the absence of the statute.

Under the foregoing authorities, this equitable consideration, arising out of the transaction, is sufficient to support a written contract binding the person, for whom the sale is made, to pay for the services, and such writing is not invalid because executed after the services are rendered.

In Browne, Stat. of Frauds (5th ed.) §352a, it is said: ''As to the time when the memorandum must be executed, it is settled that it may be at any time subsequent to the for-

mation of the contract by the parties, and before action brought." See, also, Browne, Stat. of Frauds (5th ed.) §§337, 338, 343; *Townsend* v. *Kennedy* (1894), 6 S. Dak. 47, 60 N. W. 164, 166; *Morse* v. *Crate* (1892), 43 Ill. App. 513; *Williams* v. *Bacon* (1854), 2 Gray (Mass.) 387; *Mohr* v. *Rickgauer, supra; Bird* v. *Munroe* (1877), 66 Me. 337, 22 Am. St. 571; *White* v. *Dahlquist Mfg. Co.* (1901), 179 Mass. 427, 60 N. E. 791; *Bailey* v. *Sweeting* (1861), 99 Eng. Com. Law (9 C. B. R. N. S.) *843.

The instrument set out with the complaint is sufficient in form and in substantial compliance with the requirements of the statute. It is signed by the party obligated, shows when and to whom payment is to be made, the nature of the services rendered, and fixes the amount due. *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466; *Isphording* v. *Wolfe* (1905), 36 Ind. App. 250; *Price* v. *Walker* (1909), 43 Ind. App. 519, 522; *Phillips* v. *Jones* (1907), 39 Ind. App. 626; *Gaines* v. *McAdam* (1898), 79 Ill. App. 201, 208; *First Presbyterian Church* v. *Swanson* 1901), 100 Ill. App. 39, 43.

It has been held that parol testimony may be admitted to enable the court properly to apply the contract to the subject-matter. This does not change or modify the terms of the agreement, but makes possible an intelligent application of it to the subject of the contract. As our statute does not provide that the agreement shall describe the real estate to be sold, and as in this case the instrument was written after the sale, it is not insufficient for failing so to do, and the reference thereto in the agreement is sufficient on the facts of this case. *Wills* v. *Ross, supra,* 13; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 401, 53 L. R. A. 753; *Howard* v. *Adkins* (1906), 167 Ind. 184, 188; *Warner* v. *Marshall* (1906), 166 Ind. 88, 107.

In examining the decisions both of this court and the Supreme Court, we find no holding, as appellee's counsel contend, that the execution of the writing must precede the

rendition of the services. While this is the usual
order, and the courts have, in discussing other questions, used language recognizing, in a sense, this order, the question has not been previously presented nor decided in Indiana, and such remarks indicate nothing more than an incidental following of the usual order of procedure in such transactions. Our courts have held, and we adhere strictly to the conclusion, that under our present statute the collection of a commission for the sale of real estate cannot be legally enforced unless the contract is in writing duly signed by the vendor or his authorized agent.

The numerous cases dealing with questions kindred to the one before us, arising under the statute of frauds, have not been in entire harmony. Our statute of frauds, enacted in 1852 (1 R. S. 1852, p. 299), is patterned largely after the English statute of Charles II. The fourth section of that act provides that no action shall be brought in certain specified instances, unless the agreement, or some memorandum thereof, be in writing, signed by the party to be charged, or by his lawful agent. The seventeenth section provides "that no contract for the sale of any goods, wares and merchandise for the price of £10 sterling or upwards, shall be allowed to be good," except upon receipt of same, or some earnest or part payment, or there be some note or memorandum in writing signed by the parties to be charged, or their authorized agents.

The first and sixth sections of our statute of frauds (§§7462, 7468 Burns 1908, §§4904, 4909 R. S. 1881) are similar to §4 of the statute of Charles II, and §§7, 8, 10, 12, 17 and 18 (§§7469, 7470, 7472, 7474, 7479, 7480 Burns 1908, §§4910, 4911, 4913, 4915, 4920, 4921 R. S. 1881) are in form somewhat similar to §17 of the statute of Charles II.

In the case of *Leroux* v. *Brown* (1852), 74 Eng. Com. Law (12 C. B. R.) *801, it was held that the fourth section did not affect the validity of the contract, but only the proof of it, and that the seventeenth section went to the

existence of the contract and made it void unless executed in conformity with the statute. But in the case of *Bailey* v. *Sweeting, supra,* when considering the seventeenth section, a different conclusion was reached and the court said on page 859: "The effect of that enactment, is, that, although there is a contract which is a good and valid contract, no action can be maintained upon it, if made by word of mouth only, unless something else has happened, *ex. gr.* unless there be a note or memorandum in writing of the bargain signed by the party to be charged. As soon as such a memorandum comes into existence, the contract becomes an actionable contract."

The language just quoted was used with reference to a sale made in July, 1859, for which the note or memorandum was not executed until December 3, following, and after the receipt of a part and the rejection of a part of the goods sold. To the same effect, both as to the effect of §17 and the time of executing the note or memorandum, is the case of *Sievewright* v. *Archibald* (1851), 79 Eng. Com. Law (17 Q. B.) *103, *114. In the later cases of *Britain* v. *Rossiter* (1879), 11 Q. B. D. 123, and *Maddison* v. *Alderson* (1883), 8 App. Cas. 467, it was said, though not essential to the questions decided, that there is no difference in the effect of the two sections.

Browne, Stat. of Frauds (5th ed.) §115, in discussing the fourth and seventeenth sections, after noting the difference in phraseology, says: "There seems to be no reason to attribute to the latter phraseology any force, or to draw from it any inferences, different from those which attend the construction of the former. 'Allowed to be good' appears to mean, considered good for the purposes of recovery upon it."

To the same effect is Anson, Contracts (8th Am. ed.) 87.

In *Townsend* v. *Hargraves* (1875), 118 Mass. 325, the supreme court of Massachusetts, in construing a statute sim-

ilar to the seventeenth section of the English statute, in which the words employed were, "shall be good and valid," said: "It is true there is difference in phraseology in these sections; but in view of the policy of the enactment, and the necessity of giving consistency to all its parts, this difference cannot be held to change the force and effect of the two sections.   *   *   *   The validity intended is that which will support an action on the contract.   *   *   *   In carrying out its purpose, the statute only affects the modes of proof as to all contracts within it."

In 1897, the legislature of Nebraska passed an act providing that commission contracts for the sale of lands between the owner and his agent shall be void unless in writing signed by the owner, describing the land and setting forth the compensation.

In *Mohr* v. *Rickgauer* (1908), 82 Neb. 398, 117 N. W. 950, 26 L. R. A. (N. S.) 533, the supreme court of that state held that while no recovery could be had upon an oral contract under this statute, if after receiving the benefit of services, the seller of the real estate executes a promissory note in payment for the services of the agent, rendered in pursuance of an oral agreement, the note was supported by good and valuable consideration and was collectible.

In *Zimmerman* v. *Zehendner, supra,* the court had under consideration a question arising out of an effort to incorporate a commission contract into the contract of sale, by stating therein, "and to compensate his authorized agents   *   *   *   to the amount that has been and is now understood." The court rightfully held this mere reference or memorandum insufficient, and in so doing said: "The material part of the agreement—the amount of the compensation—is still left in uncertainty and undetermined." The court also said that "a written memorandum" acknowledging an oral contract was insufficient, but does not say a writing containing all the essentials of the contract, duly signed, would be insufficient. The same is true of *Phillips*

v. *Jones, supra,* and it is to be observed that in each of these cases the memorandum or reference is, and was rightfully held to be, insufficient as a contract, but though both instruments were executed after part or all of the services were rendered, no objection is urged or suggested on that account.

The case of *Krohn* v. *Bantz* (1879), 68 Ind. 277, is urged as holding that the verbal agreement is absolutely void, and that there is no consideration for the subsequent written agreement.

This case arose under the seventh section of our statute of frauds, providing that no contract for the sale of goods of the value of $50 or over shall be valid unless part of the property is received, part payment made, some memorandum given, etc. There was a parol sale of hogs for future delivery, and a nonnegotiable promissory note for $100, due in thirty days, executed by the purchaser and delivered to the seller on the day the agreement was made. Suit for damages for failure to deliver the hogs. The court held that as the note was not a memorandum nor a contract of sale, it did not comply with the statute, and, being nonnegotiable, did not amount to part payment or an earnest binding the sale, and that there was no consideration supporting the note. The suit in that case was for the breach of a contract, that for want of the proof required by the statute, the party was unable to show existed.

In the case at bar the seller of the real estate, according to the averments of the complaint, actually received the benefit of the services, and thereafter duly executed his obligation in writing, thus meeting the requirements of the statute. The case at bar comes squarely within the rule, that in the absence of an express contract the law will imply an obligation for benefit received, and the statute does not change the beneficial character of the service, but only requires an obligation in writing duly signed. This satisfies the purpose of the statute in preventing frauds and perjuries, and in fixing

definitely the amount of a real estate commission and to whom due.

We conclude that appellant's complaint stated a cause of action, and that it was error to sustain the demurrer thereto.

Judgment reversed, with instruction to overrule the demurrer to appellant's complaint, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 94 N. E. 1027. See also, under (1) 36 Cyc. 1147; (2) 36 Cyc. 1110, 1128; (3) 36 Cyc. 1114; 40 Cyc. 215; (4) 18 Cyc. 220; (5) 19 Cyc. 219; (6, 7) 19 Cyc. 220. For a discussion of the right of a real estate broker to recover commissions under an oral contract of employment when a statute requires a written contract, see 13 Ann. Cas. 977. As to the necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see 9 L. R. A. (N. S.) 933. As to the power of the legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see 33 L. R. A. (N. S.) 973.