# ALPHEUS C. BADGER

*v.*

# HENRY KERBER.

CONTRACT—*performance—withholding certificate.* Where a party contracts to furnish stone to erect a building, with reference to stone from a particular quarry to be used, and the superintendent selected by the parties, and upon whose certificate payment was to be made, recommends it, and the contractor uses it, and receives certificates after using it on a part of the building, the superintendent can not, capriciously or fraudulently, refuse to give the contractor a certificate that he has completed his contract, on the pretext that the stone used was not of the proper kind, so as to deprive the contractor of the price he was to receive for furnishing the stone for the building.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, brought by Henry Kerber, in the circuit court of Cook county, against Alpheus C.

Badger.   The suit was brought to recover the contract price
for the cut stone used in building defendant's dwelling house.
The stone was white and clear when used, but, by exposure to
the weather, small particles of iron which it contained oxid-
ized and colored the stone, and defendant refused to pay the
last installment on the contract.

A trial was had by the court and a jury, when a verdict
was found for $1298.89 in favor of plaintiff.   A motion for a
new trial was entered, but overruled by the court, and a judg-
ment was rendered on the verdict, from which plaintiff prose-
cutes this appeal.

Mr. GWYNN GARNETT, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the
appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

There are some minor questions to be disposed of before a
discussion of the principal question.

It is assumed that there was error in the computation of in-
terest upon the amount due for the work performed, and that
therefore the verdict is excessive.

There was evidence to prove a fulfillment of the contract,
according to its terms.   Of its weight, and the credibility of
witnesses, the jury were the proper judges.   If the jury be-
lieved that appellee completed the contract at the time stipu-
lated, then there was sufficient time for the interest computed
to have accrued.

The next objection is, that the verdict was uncertain.   In
the original record, as filed in this court, the verdict was copied
as follows:   " We, the jury, find the plaintiff in the amount,"
etc.   The omission was supplied by an additional transcript
filed, in which the verdict is strictly formal.   It is as follows:
" We, the jury, find for the plaintiff the amount of $1298.89."
This disposes of that objection.

Appellant next urges that there was no evidence to sustain the verdict.

The contract provided that the material used and the work done should be paid for upon the certificate of the superintendent, who was selected by the parties and was named in the written agreement. Stone was to be furnished and the work completed to the satisfaction of the superintendent.

The kind of stone contracted for was used, and there is no complaint of the character of the work. There was some discoloration of the stone after it was placed in the building, and for this reason only the superintendent refused to give a certificate for the amount sued for.

There is evidence in the record that the contractor bid with reference to the identical stone used, and that it was recommended by the superintendent. He had a sample of it in his office at the time of the contract, and had also given certificates for more than half of the contract price, as the work progressed.

One of the witnesses testified that there were fine particles of iron in the stone, which caused it to rust, and that they could be discovered only by means of a microscope.

The provision in the contract in regard to the stone is as follows: "The contractor must furnish a first rate quality of stone, in every particular sound, and of uniform color for the light colored Cleveland sand stone, or the Columbia stone." The Columbia stone was used. Its soundness and quality are not questioned. The contractor based his bid upon its use, and the superintendent not only recommended it, but had used it in another building during the previous year.

The refusal to give the certificate, under the circumstances, was bad faith in the superintendent. The contractor had fully complied, and was entitled to the value of his materials and labor, according to the price agreed upon.

The modifications of appellant's instructions were proper. They substantially informed the jury that the superintendent must act in good faith in his relations to the parties, and that

if he refused to deliver a certificate, in bad faith and fraudulently, then the contractor must recover upon performance.

Performance by him, as well as the fraudulent conduct of the superintendent, were fairly submitted to the jury, accompanied with proper instructions. They have determined these matters from the evidence, and we shall not disturb the finding.

The superintendent should have exercised his power with reasonable discretion, and not capriciously.

If he acted fraudulently, and ought to have been satisfied with the work and material, and so the jury have found, and rightly, then the judgment should not be reversed. *Baker* v. *Jones*, 2 Car. & Kir. 742; *Mills* v. *Weeks*, 21 Ill. 561; *McAuley* v. *Carter*, 22 Ill. 53.

The judgment is affirmed.

*Judgment affirmed.*