## John Rawle v. Arnold P. Gilmore.

1. ARCHITECT'S CERTIFICATE—*Refusal to Issue.*—The mere refusal by an architect to issue his certificate upon grounds known to be fictitious and without foundation, may be found by a jury to constitute a fraudulent refusal, and it is for the jury to determine whether the refusal is so far ungrounded and capricious as to be no bar to the contractor's right to payment.

2. WAIVER—*Of Statement Under the Mechanic's Lien Act.*—A failure

Rawle v. Gilmore.

to comply with the statute requiring a statement under oath of the number and names of sub-contractors, mechanics or workmen, etc., with amounts due them, etc., as required by section 35 of the mechanic's lien act of 1887, will bar a right to recover in assumpsit for the labor or material as well as the right to enforce a lien, but the owner's right to such statement may be waived so as to permit a recovery in an action at law without the furnishing of the statement.

3.  Same—*Evidence to be Submitted to the Jury.*—If there is evidence tending to show a waiver of an owner's right to a statement, under the mechanic's lien act, from which a jury would be warranted in finding that there was in fact such a waiver, the issue should be left to the jury for its determination.

**Assumpit,** for a balance due on a contract. Trial in the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Verdict and judgment for defendant. Appeal by plantiff. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed May 9, 1898. Rehearing denied June 2, 1898.

### Statement.

This was an action at law, brought by appellant, a cut stone contractor, to recover an amount claimed to be due as balance upon a contract to furnish cut stone for a building of appellee. There was a written contract, by which it was provided that appellant should furnish the stone, etc., and that his work should be entirely completed by a date fixed. It also contained the customary provisions to the effect that payments should be made upon the architect's certificates as to amount due, etc., and that all questions as to damage, allowance for extras, etc., should be left to the decision of the architect as arbitrator. A penalty of $50 per day was provided for delay on the part of the contractor " for each and every day the completion of the building is delayed."

Appellant claimed a balance due of $2,100 upon contract and for extras. Appellee disputed the amount and claimed damages for delay. The architect tendered appellant a certificate for $1,200 for his balance, which was refused. The architect refused to issue certificate for balance as claimed by appellant. Before this dispute arose a payment had been made upon account and a certificate issued by the architect, which was as follows:

" $2,000.              CHICAGO, Sept. 25, 1889.

To DR. A. P. GILMORE:

This is to certify that John Rawle, contractor for the cut stone of ' Erie ' building, S. W. corner of Lake Ave. & 37th, St., is entitled to a payment of $2,000 by the terms of contract.

This certificate was issued upon an application and affidavit of the said John Rawle, dated September 25, 1889, made in accordance with the provisions of section 25 of the law relating to sub-contractors' liens. In force July 1, 1887.

                   H. B. SEELY,
                        Architect."

There was evidence tending to show that at the time this certificate was given all work had been finished under the contract, and only extras remained thereafter to be done. Appellant did not furnish to appellee any statement under oath, as is provided by section 35 of the mechanic's lien act.

Upon the trial the Superior Court, at the close of appellant's case, directed the jury to find for appellee.

WILLIAM GARNETT, JR., attorney for appellant.

GOODRICH, VINCENT & BRADLEY, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It was contended by appellee in the trial court, as here, that the suit of appellant could not be maintained because:

1st. He had failed to obtain a certificate of the architect, a condition precedent to right of payment, as provided by the contract, and had not sufficiently excused such failure.

. 2d. He had not complied with the provisions of section 35 of the mechanic's lien act.

The trial court, acting upon one of these grounds, and it would seem from the bill of exceptions to have been the second, held that appellant could not recover.

We have, then, to determine whether the jury would have been warranted by the evidence in a finding that the

facts excused appellant from obtaining the architect's certificate, as a condition precedent to payment, and also warranted in a finding that there had been a waiver of the right to demand a statement under oath, as provided by the statute.

There was evidence from which the jury might have found that the work specified in the contract was completed within the time fixed by the contract, and that there was no valid ground or reason for the refusal of the architect to give a certificate for the balance due.   In such case it is for the jury to determine whether the refusal of the architect to issue his certificate is so far fraudulent, i. e., ungrounded and capricious, as to be no bar to the contractor's right to payment.   Badger v. Kerber, 61 Ill. 328;   County of Cook v. Harmes, 108 Id. 151;  Michaelis  v.  Wolf, 136 Id. 68; Arnold v. Bournique, 144 Ill. 132.

The mere refusal to issue the certificate upon grounds which were known to be fictitious and without foundation, might be found to constitute a fraudulent refusal.   Snell v. Brown, 71 Ill. 133;  Foster v. Charles, 7 Bingh. 104.

It has been held in a number of cases, that a failure to comply with the statute requiring a statement under oath of the number and names of sub-contractors, mechanics or workmen, etc., with amounts due them, etc., as provided by section 35 of the mechanic's lien act of 1887, will bar a right to recover in assumpsit for labor or material, as well as right to enforce a lien.   Gilman v. Courtney, 158 Ill. 437; Floyd v. Rathlege, 41 Ill. App. 370;  Bonheim v. Meaney, 43 Id. 532.

But it is also held that the owner's right to such statement may be waived so as to permit recovery in action at law without the furnishing of the statement.   Floyd v. Rathlege, *supra;* Burnside v. O'Hara, 35 Ill. App. 150; Morse v. Crate, 43 Id. 514.

If there is evidence here tending to show such a waiver, and from which a jury would be warranted in finding that there was in fact a waiver, then the issue should have been left to the jury for determination.

Two facts appear in the evidence which bear upon this issue, viz.: the former certificate issued by the architect without having in fact obtained any statement under oath by the contractor; and the tender of a certificate for $1,200 without requiring such statement. The jury might have found from the evidence that the former certificate was issued after all work had been completed under the contract. No liabilities for labor or material could then have been afterward incurred by the contractor for the work done under the contract. By its recitals the certificate admits a furnishing of the required statement at that time, although none was in fact made. This we think might support a finding by the jury that the statement had been thereby waived. The tender of the certificate for $1,200 might be held, as a matter of fact, to have constituted a waiver to any statement, at least as to a right to payment of the $1,200. Nor do we think the contention tenable that by refusal of the tender the waiver was necessarily thereby withdrawn.

The effect of each of these items of evidence presented a question for the determination of the jury, and should have been submitted to them. The judgment is therefore reversed and the cause remanded.