**James S. Gillespie et al., Appellee, v. Robert Patrick, Impleaded with Frances Patrick et al., Appellant.**

**Gen. No. 14,125.**

1. APPEALS AND ERRORS—*what questions cannot be urged in Appellate Court.* The unconstitutionality of a law is not subject to review in the Appellate Court.

2. MASTERS IN CHANCERY—*when findings of fact not disturbed.* The findings of fact by a master will not be disturbed on review unless clearly and manifestly against the weight of the evidence.

3. ARCHITECTS—*when final certificate not void.* Held, under the facts of this case, that the final architect's certificate given in this case was not void.

4.   MECHANIC'S LIEN—*when contractor's statement of payment to subcontractor waived.*   The provisions of the Mechanic's Lien Act requiring the contractor's statement of payment to subcontractors or a waiver of lien from them as a prerequisite to a demand for payment, are for the benefit of the owner as well as for the subcontractors, but the fact that such statements or waivers are not made will not forbid a lien where no demand is made by the owner for them; the failure to make such a demand operates as a waiver.

Mechanic's lien. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.   Heard in this court at the October term, 1907.   Affirmed upon remittitur.   Opinion filed January 18, 1909.

LYMAN M. PAINE, for appellant.

CHARLES A. PHELPS, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a decree of the Superior Court of Cook county, entered March 22, 1907, which declared and adjudged a lien to exist on lot six and the south half of lot five in block four in Walter S. Dray's Addition to Park Manor, etc., otherwise described as 7108 Vernon avenue in the city of Chicago, in favor of the complainants, James S. Gillespie and John Sutherland, and declared the rights and interests of Robert Patrick and Frances Patrick, his wife, (made defendants to the bill) in said property to be subject to said lien and those of the two other defendants, John B. Robertson and Lyman M. Paine, to be both subsequent and subject thereto.   It provided the usual and proper methods of enforcing the lien by judicial sale and conveyance in pursuance thereof, in default of payment within ten days of the sum found due and secured by the lien.   That sum was $262.04, and in addition thereto $75 allowed to the complainant as a solicitor's fee for the institution and prosecution of the lien proceeding, and certain other sums for master's fees and costs.   The decree was in accordance

with the report of a master, to whom the cause had been referred, except that the court cut down the sum to be allowed for solicitor's fee from $90 to $75. From this decree Robert Patrick prayed the present appeal. The other defendants did not appeal. Robert Patrick was, with his wife, the joint owner of the property described in the decree. In January, 1894, he, with the knowledge and assent of his wife, entered into a written contract with the complainants, Gillespie and Sutherland, carpenter contractors, for the erection of a two-story and basement brick residence on the property. Gillespie and Sutherland were to provide all the material and do all the work except plumbing and heating and electric light wiring and gas piping. Patrick was himself a plumbing contractor.

The contract price, $2,490, was to be paid by the owner to the contractors "only upon certificates of the Architect," John D. Chubb (named in the contract); the entire amount, less 15 per cent., to be paid in three payments as work progressed, first payment when second floor joists were in place, second payment when building was plastered, third payment when work was completed; "said payments to be as per architect's estimates." "The balance of 15 per cent. of the entire contract being the final payment," was to be made within 15 days after the completion of the work included in the contract. All payments were to be due when certificates for the same were issued.

Article X of the contract was:

"It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final payment shall be conclusive evidence of the performance of this contract either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

About the first of May, 1904, the Patricks moved into the house. There remained unpaid of the contract price at that time $626. There was due also to the

complainants some money for the building of a barn, not included in the contract. Complainants pressed for payment, and about June 1, 1904, were sent by appellant Patrick to the architect "to get the money from him on the loan money"—so Gillespie testifies at least. This referred to the fact that Lyman M. Paine as trustee and agent had in his hands a fund arising from a building loan, which he was paying for account of Patrick on the architect's certificates when audited or endorsed by Patrick

The complainants procured a certificate from Chubb, dated June 2, 1904, that they were entitled to a final payment of $626 by the terms of the contract, but Patrick refused to endorse it because he said, "there were some things he didn't think were finished up properly." The evidence showed that Paine did not have in his hands enough money to pay this certificate in full.

The next day Chubb wrote the complainants that on his visit that day to the building he found some items of the contract, which he listed, "unfinished," "notwithstanding," as the letter says, "that you informed me yesterday when I handed you certificate for balance of $626 that you had finished up everything in first-class shape, which I find is not so." The communication proceeds:

"Now therefore, I must inform you that the said certificate is void and not payable until each and every one of said items are fixed and finished in workmanlike manner according to plans and specifications, or satisfactory allowances made to said owner, Mr. Robert Patrick, for said unfinished portions of your contract. You are hereby notified that unless the list of unfinished work is attended to in five days, the owner will proceed to finish same and charge the cost of said work to your contract."

July 1, 1904, the complainants filed their claim for a mechanic's lien in the clerk's office of the Circuit Court.

August 10, 1904, Mr. Paine paid $400 of the amount in his hands to the complainants on account of their contract, leaving $226 unpaid.

December 20, 1904, the complainants filed their bill in the Superior Court to declare and enforce their claimed lien. Answers were filed by the defendants, raising contentions insisted on in this appeal and noted hereinafter. The cause was referred to a master to take evidence and report conclusions.

The master's report was in favor of complainants, and found that from the evidence it appeared that the contract was made as charged; that complainants, in compliance with it, constructed a two-story and basement brick building and completed it about May 7, 1904; that on June 2, 1904, the architect, Chubb, ordered and delivered to complainants a certificate in writing that the complainants were entitled to a final payment of $626 in full of said contract, and all extras; that the charge made by defendants that said architect's certificate was delivered to the complainants only conditionally, was not sustained by a preponderance of the evidence, nor was the charge that it was obtained through fraud and false representations. It is pointed out in said report that the architect acted as superintendent of said work and was in as good a position when he gave the final certificate to know whether the contract had or had not been fully performed, as were the complainants. It is therefore held that while there was a conflict in the testimony as to whether the work was done in all respects according to the specifications, the complainant Gillespie was not chargeable with fraud in stating to the architect that the work was all right. It is also noted in said report that no complaints of or objections to the work done under said contract were made by the owners to the architect before the certificate was issued, although the said owners had been occupying said premises for the space of one month before said certificate was issued. It is therefore found that the final certificate of the

architect became, under the terms of the contract, conclusive that the work was performed in accordance with the terms of the said contract.

The defendants filed objections to the master's report, which were afterwards ordered to stand as exceptions and were argued before the Superior Court, which, except as noted, in reducing the amount recommended for the solicitor's fee, overruled them and entered the decree appealed from.

The contentions of the appellant here are:

First, that the statute of 1903 allowing attorney's fees in a lien case like this, is unconstitutional; and second, that a valid final certificate from the architect was necessary to the complainants' case, and that the one relied on in this case was void, (a) because it was obtained by fraud, and (b) because the architect gave it "on the evidence of one party in the absence of the other."

It is also said that the claim for lien filed in the clerk's office was defective, and that because the appellees did not give the owners any statement in writing under oath or other evidence that all subcontractors were paid, the decree cannot be sustained.

We do not think any extended discussion of these claims is necessary.

The unconstitutionality of the law allowing the attorney's fees seems to be but half-heartedly urged. It is not so much for that reason as that the fees allowed are too large, it is said, that the objection to them is made. We do not see any justification for disturbing the decree on the latter ground, and the appeal to this court rather than to the Supreme Court has foreclosed the defendants from raising the question of constitutionality. Barnes v. Drainage Commissioners, 221 Ill. 627-629. But appellees, considering the decision of Manowsky v. Stephan et al., 233 Ill. 409, have made a motion for leave to remit the $75 included in the decree herein, for the reason that the law under which it was added to the decree as at-

torney's fees, has been decided to be unconstitutional by the Supreme Court. That motion is allowed.

As to the contention that the architect's certificate was obtained by fraud,—the master found against it, the court confirmed the master's report, and we cannot overturn the finding unless we hold that it is clearly and manifestly against the weight of the evidence. We do not. For the reasons specified in the master's report, our conclusions on this point are like his.

It is conceded that the attempt which Chubb made the next day to revoke the certificate is immaterial. Whether or not the architect in this case is properly to be termed an arbitrator, we do not think there is any rule of law in Illinois which makes void his certificate, given under circumstances like those in this case.

We think the "claim of lien" filed was sufficient. The provisions of the law requiring the contractor's statement of payment to subcontractors, or a waiver of lien from them as a prerequisite to a demand for payment, are, it may be admitted, for the benefit of the owner as well as of the subcontractor, but the fact that such statements or waivers are not made will not forbid a lien where no demand is made by the owner for them, nor any claim even made that debts to subcontractors existed. In such a case these "prerequisites" will be considered waived. The demand for such a statement or waiver is not, as appellant claims, a part of architect's certificate. The words referred to are simply a caution to the owner or loan agent (in this case Mr. Paine) to demand them if he wanted them.

The decree of the Superior Court is affirmed on the *remittitur* above alluded to, of $75, to be entered by the appellees within five days.

*Affirmed upon remittitur.*