(No. 21236.—

THE CHARLES A. HOHMEIER LUMBER COMPANY, Plaintiff in Error, *vs.* ARTHUR B. KNIGHT *et al.* Defendants in Error.

*Opinion filed October 22, 1932.*

Roy J. Egan, and Donovan, Bray & Gray, for plaintiff in error.

Joseph B. Lawler, and C. Ray Smith, for defendants in error.

Mr. Justice DeYoung delivered the opinion of the court:

The circuit court of Cook county, in a suit brought by the Charles A. Hohmeier Lumber Company, a domestic corporation, against Arthur B. Knight and other defendants, rendered a decree for the foreclosure of a mechanic's lien on a parcel of real property in the city of Chicago. Upon a writ of error, prosecuted by Knight, Mae Knight, his wife, and the Chicago Title and Trust Company, a corporation, as trustee, the Appellate Court for the First District reversed the decree and remanded the cause with directions to dismiss the bill for the want of equity. The lumber company applied to this court for a writ of *certiorari;* its application was granted and the record is submitted for a further review.

Arthur B. Knight, the owner of four lots in the city of Chicago, on December 6, 1927, entered into a contract with Oliver Anderson by which the latter agreed to do the carpenter work in and about certain buildings then to be erected on the lots. Anderson on the same day bought the lumber and mill-work necessary to perform his contract from the Charles A. Hohmeier Lumber Company at the price of $9500. The lumber company, with the knowledge and consent of Knight, the owner, delivered the required lumber and mill-work for the buildings and final delivery was made on November 27, 1928. After allowing all credits,

Anderson remained indebted to the lumber company on the sub-contract in the sum of $6550 with interest thereon from the time the final delivery was made. On January 21, 1929, the lumber company caused to be filed in the office of the registrar of titles of Cook county and entered against the certificate of title to the four lots, a notice of the company's claim for a mechanic's lien. A verified claim for such a lien was filed in the office of the clerk of the circuit court of Cook county on the same day. During the period of construction, Knight and his wife conveyed the four lots to the Chicago Title and Trust Company, as trustee, by two trust deeds, one dated November 7, 1927, and the other April 10, 1928, and registered by the registrar of titles of Cook county respectively on November 14, 1927, and April 16, 1928, as documents Nos. 380205 and 402454.

The lumber company, on March 26, 1929, filed a bill of complaint in the circuit court containing the foregoing, among other allegations, with a legal description of the lots and charging that the interests of the Chicago Title and Trust Company, as trustee, and of the holders of the notes described in the trust deeds were subordinate to the complainant's lien. To this bill Knight and the trustee filed general demurrers. These demurrers were sustained and on May 20, 1929, the complainant was allowed ten days within which to file its amended bill. On May 28, 1929, the lumber company filed an amendment to the bill, verified by its treasurer, setting forth that the lots subject to the company's lien were registered under the Land Titles act, and that on November 14, 1927, the registrar of titles issued to Knight a certificate of title thereto and that the certificate remained uncanceled. Shortly thereafter, on June 8, 1929, pursuant to the stipulation of the parties, made, as it stated, without prejudice to their rights, and by authority of an order based on the stipulation, an amended bill of complaint was filed. To the allegations

of the original bill, the amended bill made two additions: First, that by virtue of the Land Titles act, the registrar of titles of Cook county issued to Arthur B. Knight, certificate of title No. 199680, to the four lots, and second, that a copy of the claim for a mechanic's lien filed in the office of the clerk of the circuit court was attached to the amended bill. Answers were interposed by Knight and the Chicago Title and Trust Company, as trustee, and these answers were followed by replications. The cause was referred to a master in chancery who heard the evidence and reported that the complainant was entitled to a mechanic's lien for $6550 with interest at five per cent from November 27, 1928. Objections and exceptions to the report were overruled, and a decree in accordance with the master's recommendation and ordering a sale, in default of payment, was entered.

The plaintiff in error, the lumber company, contends that, as required by the Mechanics' Lien act, the original bill was filed within four months after final payment became due and owing to it, the sub-contractor; that both the original and amended bills stated the same cause of action and that the latter related back to the time the former was filed, and hence that the Appellate Court should have affirmed the decree of the circuit court. The defendants in error, on the contrary, contend that, by filing an amended bill, the plaintiff in error abandoned the original bill; that, as a consequence, the plaintiff in error cannot now question the circuit court's order sustaining the demurrers to the original bill; that the present suit was not instituted until the amended bill was filed on June 8, 1929, more than four months after final payment became due the sub-contractor, and that the Appellate Court therefore properly directed the dismissal of the amended bill for the want of equity.

Section 24 of the Mechanics' Lien act (Cahill's Stat. 1931, p. 1803; Smith's Stat. 1931, p. 1834), provides that

a sub-contractor, or party furnishing labor or material, shall within sixty days after the completion of the contract cause a written notice of his claim and the amount due or to become due to be personally served on the owner or his agent or architect or the superintendent having charge of the building or improvement, except that, if the lots are registered under the Land Titles act, the notice "shall not be served as aforesaid, but shall be filed in the office of the registrar of titles of the county" in which the lots are situated. Section 28 provides that if any money due a sub-contractor shall not be paid within ten days after notice is served as directed in sections 5, 24, 25 and 27, then he may file a petition to enforce his lien in the manner prescribed for a contractor in sections 9 to 20, inclusive, except as to the time within which suit shall be brought. Section 9 provides that if payment shall not be made when due, the contractor having a lien by virtue of the act may bring suit to enforce his lien by bill or petition in any court of competent chancery jurisdiction in the county where the improvement is located. The bill or petition, section 11 prescribes, shall contain a brief statement of the contract or contracts on which it is founded, the dates when made, and when completed, if not completed, why, and it shall also set forth the amount due and unpaid, a description of the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties. Section 33 of the same act requires that the petition shall be filed or suit commenced to enforce the lien within four months after the time the final payment became due the sub-contractor, laborer or party furnishing material.

Mechanics' liens were not recognized by the common law nor were they allowed in equity independently of statutory enactments. Such liens exist only by virtue of statutes which authorize them and provide a method for their enforcement. It is for these reasons that, with respect to the

requirements upon which the right to a lien depends, such statutes are strictly construed, notwithstanding the provision of section 39, that the Mechanics' Lien act shall be liberally construed as a remedial act. *Liese* v. *Hentze,* 326 Ill. 633; *Hoier* v. *Kaplan,* 313 id. 448; *Armstrong* v. *Obucino,* 300 id. 140; *North Side Sash and Door Co.* v. *Hecht,* 295 id. 515; *Cronin* v. *Tatge,* 281 id. 336; *Schmidt* v. *Anderson,* 253 id. 29; *Turnes* v. *Brenckle,* 249 id. 394; *Provost* v. *Shirk,* 223 id. 468; *Williams* v. *Rittenhouse & Embree Co.* 198 id. 602; *O'Brien* v. *Gooding,* 194 id. 466; *Freeman* v. *Rinaker,* 185 id. 172; *May Brick Co.* v. *General Engineering Co.* 180 id. 535.

It was alleged in the original bill that Knight owned four lots setting forth their legal description; that on December 6, 1927, he made a contract by which Anderson agreed to do the carpenter work on the buildings to be erected on the lots; that on the same day the plaintiff in error entered into a sub-contract with Anderson to furnish him the lumber and mill-work for the buildings, and that it completed performance of its sub-contract on November 27, 1928; that Anderson's indebtedness to the plaintiff in error on the sub-contract was $6550 with interest thereon from the time of its completion, and that on January 21, 1929, the plaintiff in error caused a notice of its claim and lien to be filed in the office of the registrar of titles of Cook county and entered against the certificate of title to the four lots. The bill therefore contained a brief statement of the sub-contract on which it was founded, the dates when the sub-contract was made and completed, the amount due and unpaid, a description of the premises subject to the lien, and other facts necessary to a complete understanding of the rights of the parties. Although certain allegations should have been amplified and made more specific, it does not appear that a single requirement of a bill or petition prescribed by section 11 of the Mechanics' Lien act was wholly omitted.

The original bill contained no direct allegation in express terms that the title to the four lots had been registered under the Land Titles act and that Knight held the certificate of title to the lots. Knight's ownership of the lots; the execution of the two trust deeds by him and his wife; the registration of these instruments by the registrar of titles; their document numbers and dates of their filing in the registrar's office; the filing of the lumber company's notice of its claim for a mechanic's lien in the same office and the endorsement of the notice upon the certificate of title were, however, expressly alleged. Unless the title to the four lots had been registered, the trust deeds and the notice of the claim for a mechanic's lien could not have affected the title by filing them in the registrar's office, and without the issuance of a certificate of title, the notice could not have been endorsed thereon. The original bill therefore was defective, but not wanting in allegations concerning the registration of the title to the lots subject to the lien.

The allegations of the original bill were repeated in the amended bill with the additions that by virtue of the Land Titles act, the registrar of titles of Cook county issued to Knight certificate of title No. 199860 to the lots in question, and that a copy of the claim for a lien filed in the office of the clerk of the circuit court was attached. The first allegation added was more specific and an amplification of the corresponding allegation of the original bill. The second additional allegation was unnecessary, and in fact of no avail, for section 24 of the Mechanics' Lien act provides that if the lots are registered under the Land Titles act, the notice shall be filed in the registrar's office, and compliance with that section was alleged in both the original and amended bills. The original bill stated a cause of action in a defective manner. The amended bill stated the same cause of action in an improved form.

The contentions of the defendants in error that by the filing of an amended bill, the plaintiff in error abandoned the original bill, and that, as the result, no suit was instituted until June 8, 1929, when it was too late to assert the sub-contractor's lien claimed, are untenable. Section 12 of the Mechanics' Lien act provides that the court shall permit amendments to any part of the pleadings that may be authorized in proceedings in chancery. The rule of equity pleading is that an amendment to a bill in chancery or an amended bill is a continuation of the original bill and relates back to the time of the filing of that bill and that the amendment or amended bill does not destroy the *lis pendens* unless it introduces new claims or equities or distinct and different grounds for relief not before asserted. (*Weber* v. *Kemper*, 320 Ill. 11; *Becker* v. *Billings*, 304 id. 190). The amendment or amended bill is considered to be a part of the original bill, the two constituting one record. (*Becker* v. *Billings, supra*). The amended bill introduced no new claim, equity, or ground for relief; it merely amplified a single allegation of the cause of action stated in the original bill.

It is conceded that final payment for the lumber and mill-work delivered by the plaintiff in error became due on November 27, 1928. The notice of its claim was filed in the registrar's office within sixty days after the completion of its contract and the original bill was filed within four months after the time final payment became due. The evidence shows that there is owing to the plaintiff in error under its contract with Anderson, the sum of $6550, with interest as claimed, and the circuit court's finding in that respect is not disputed.

The judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

> *Judgment of the Appellate Court reversed.*
> *Decree of the circuit court affirmed.*