JOHN C. ROBINETTE, Plaintiff-Appellant, *v.* THE SERVITE FATHERS, Defendant-Appellee.

First District (3rd Division)    No. 76-1343

Opinion filed June 15, 1977.

Miller and Huszagh, Ltd., of Chicago (Elenie K. Huszagh, of counsel), for appellant.

Raymond P. Concannon, of Miller and Concannon, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide whether a subcontractor who hauls away the debris from a demolished building has a valid mechanic's lien as against the owner of the premises under the Illinois Mechanics' Lien Act.

The pertinent facts as demonstrated by the pleadings are as follows. The plaintiff, John C. Robinette, filed a complaint for foreclosure of a mechanic's lien against the defendant, The Servite Fathers, an Illinois corporation. Plaintiff alleged that he was in the excavating and hauling business, and that defendant was the owner of certain real estate located in the city of Chicago. Defendant contracted with Evanston-Able Trucking Company to demolish a certain building on the premises. Evanston-Able in turn orally contracted with plaintiff to haul away the debris from the previously existing building. After filing an answer, defendant filed a motion to dismiss the complaint. On August 25, 1976, the trial court granted defendant's motion to dismiss, holding as a matter of law that removal of debris from a previously existent structure is not a lienable item under Illinois mechanics' lien law. On the same date, the court entered judgment for plaintiff against Evanston-Able for $6,164.

(Evanston-Able had gone into receivership after the completion of the project.) Plaintiff appeals from the order dismissing his action against the defendant.

■■■ The pertinent parts of the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1973, ch. 82) are as follows:

Section 1:

"Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land, furnish material, fixtures, apparatus or machinery, * * * or fill, sod or excavate such lot or tract of land, or do landscape work therein or therefor; or raise or lower any house thereon or remove any house thereto, * * * or furnish or perform labor or services as superintendent, time keeper, mechanic, laborer or otherwise, in the building, altering, repairing or ornamenting of the same; * * * is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business * * *."

Section 21:

"Every mechanic, workman or other person who shall furnish any materials, apparatus, machinery or fixtures, or furnish or perform services or labor for the contractor, or shall furnish any material to be employed in the process of construction as a means for assisting in the erection of the building or improvement in what is commonly termed form or form work where concrete, cement or like material is used in whole or in part, shall be known under this act as a subcontractor, and shall have a lien for the value thereof, with interest on such amount from the date the same is due, from the same time, on the same property as provided for the contractor, * * *."

Section 39:

"This act is and shall be liberally construed as a remedial act."

Notwithstanding the foregoing provisions of section 39 of the act, Illinois courts have held that while the act should be construed liberally as a remedial one, it, being in derogation of the common law, is strictly construed with reference to the requirements upon which the right to a lien depends. (*Charles A. Hohmeier Lumber Co. v. Knight* (1932), 350 Ill. 248, 182 N.E. 715; *Roth v. Lehman* (1953), 1 Ill. App. 2d 94, 116 N.E.2d 413.) Mechanics' liens exist only by virtue of the statute creating them, and such statutes must be strictly followed with reference to all

requirements upon which the right to a lien exists. (*Liese v. Hentze* (1927), 326 Ill. 633, 158 N.E. 428.) Mechanics' liens should be enforced when the party brings himself within the provisions of the statute, but they should not be extended to cases not provided for by the language of the act even though they may fall within its reason. *Provost v. Shirk* (1906), 223 Ill. 468, 79 N.E. 178; *Hoier v. Kaplan* (1924), 313 Ill. 448, 145 N.E. 243.

■■ No Illinois cases have dealt with the right to a mechanic's lien through demolition of a building. However, we believe that under the foregoing criteria the demolition and hauling away of debris are not lienable items under the statute. Demolition does not fall within the express language of the act, and therefore is excluded. In Annot., 63 A.L.R. 1250 (1929), citing *Bruns v. Braun* (1889), 35 Mo. App. 337, the reason for not granting a mechanics' lien for the demolition of a building is set forth as follows at page 1255:

> " '[T]he theory of the mechanic's lien law is, that the mechanic or materialman has performed work or furnished materials in the construction or repairing of buildings or other improvements on land, by which the value of the latter has been enhanced; and the law attaches a lien in favor of the mechanic to the building or other improvements in the first instance, and this lien is made to extend to a certain quantity of land on which the buildings are located. When a building is merely removed from premises, it is quite apparent that the right to a lien against the land alone could not exist.' "

Love, Illinois Mechanics' Liens 150 (2d ed. 1950) states that no lien attaches when a house is moved from the land. Accord, *Big Three Welding Equipment Co. v. Crutcher, Rolfs, Cummings, Inc.* (1950), 149 Tex. 204, 229 S.W.2d 600; *Arthur Morgan Trucking Co. v. Shartzer* (1943), 237 Mo. App. 535, 174 S.W.2d 226; *Bon Marche Realty Co. v. Southern Surety Co.* (1929), 152 Wash. 604, 278 P. 679; *Goldberger-Raabin, Inc. v. 74 Second Avenue Corp.* (1929), 252 N.Y. 336, 169 N.E. 405.

Plaintiff maintains that the statutory language contained in the Illinois act, "raise or lower any house thereon or remove any house thereto," supports his contention that demolition and removal of debris are lienable items. Professor Love, however, persuasively states that under such language, a lien would attach only where the house is moved onto the land, but not where the house is moved from the land. This appears to be the only reasonable interpretation of that statutory language. Professor Love reasons "that the improvement of the land is the basis of the allowance of mechanics' liens against that land, and that the removal of a house from the land seldom per se enhances its value." (Love, Illinois Mechanics' Liens 150 (2d ed. 1950).) We conclude, therefore, that the plaintiff was not entitled to a mechanic's lien under the Illinois statute for

removing the debris from a demolished building on defendant's land.

Accordingly, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.