# Illinois Official Reports

## Appellate Court

*Cityline Construction Fire & Water Restoration, Inc. v. Roberts*,
2014 IL App (1st) 130730

| | |
|---|---|
| Appellate Court Caption | CITYLINE CONSTRUCTION FIRE AND WATER RESTORATION, INC., a Pennsylvania Corporation, Plaintiff-Appellant, v. ANDREW C. ROBERTS, VALERIE GHEROLD, MORTGAGE ELECTRIC REGISTRATION SYSTEMS, PERL MORTGAGE, INC., and ERIE INSURANCE COMPANY, Defendants-Appellees (Andrew C. Roberts and Valerie Gherold, Counterplaintiffs and Third-Party Plaintiffs; Cityline Construction Fire and Water Restoration, Inc., Cityline-Hamilton Buildings, LLC, Kirk Leister and Thomas P. Williams, Counterdefendants and Third-Party Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0730 |
| Filed | March 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action to foreclose a mechanic's lien, the trial court properly entered summary judgment for defendant owners on the foreclosure count and for defendant owners on the count of their counterclaim seeking a declaration that the lien was void and unenforceable, since plaintiff failed to strictly comply with defendants' request pursuant to section 5 of the Mechanics Lien Act for a sworn contractor's statement containing the names of all parties furnishing materials or labor and the amounts due or to become due. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-22152; the Hon. Lisa R. Curcio, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Dean Gournis, of Kaplan Papadakis & Gournis, P.C., of Chicago, for appellant.

James P. Zeigler, of Stone Pogrund & Korey, LLC, of Chicago, for appellees Andrew C. Roberts and Valerie Gherold.

Panel

JUSTICE PALMER delivered the judgment of the court, with opinion.
Justices McBride and Taylor concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Cityline Construction Fire and Water Restoration, Inc. (Cityline), appeals from an order of the circuit court of Cook County granting summary judgment in favor of defendants, Andrew C. Roberts and Valerie Gherold (Owners), on count I of Cityline's complaint against the Owners and count II of the Owners' counterclaim against Cityline. Count I of Cityline's complaint sought to foreclose a mechanic's lien against the Owners and count II of the Owners' counterclaim sought a declaration that the lien was void and unenforceable. For the reasons that follow, we affirm.

¶ 2 The following facts are undisputed. On or about April 9, 2009, Cityline and the Owners made an oral agreement pursuant to which Cityline was to provide restoration and reconstruction services to the Owners' residence after it was damaged by a fire. By December 15, 2010, Cityline completed all labor and services pursuant to the agreement with the Owners.

¶ 3 Cityline recorded its mechanic's lien notice and claim for lien on February 24, 2011, in which it averred that: (a) it entered into a valid contract with the Owners; (b) Cityline performed all of the required work on the residence; and (c) there was due and owing to Cityline the sum of $397,302 plus interest. The lien named the Owners, Perl Mortgage, Mortgage Electronic Registration Systems, Inc., and unknown heirs, unknown owners and nonrecord claimants potentially having an interest in the residence. On June 21, 2011, Cityline filed a lawsuit against these parties. Count I of the complaint sought to foreclose Cityline's mechanic's lien, count II asserted a claim for breach of contract, count III alleged a *quantum meruit* recovery solely against the Owners and count IV asserted a complaint for interpleader against the Owners' insurance company, Erie Insurance. In response, the Owners filed an answer and affirmative defenses as well as a counterclaim against Cityline. As noted above, only count I of Cityline's complaint and count II of the Owners' counterclaim are at issue in this appeal.

¶ 4 During discovery, Cityline filed a response to the Owners' request to admit facts in which it admitted that, "after the job was well under way," the Owners had requested a contractor's

sworn statement from Cityline "listing the parties furnishing labor, services, material, fixtures, apparatus for machinery, forms or form work and the amounts due or to become due to each of them engaged by Cityline to perform the restoration and reconstruction." Cityline also admitted that it never provided "a contractors sworn statement listing the subcontractors and material suppliers it had engaged to perform the restoration and reconstruction" on the residence.

¶ 5    The Owners filed a motion for partial summary judgment on count I of the complaint (mechanic's lien), claiming that the lien was void due to Cityline's failure to provide a sworn contractor's statement after the Owners requested one. The Owners asserted that section 5 of the Mechanics Lien Act (the Act) (770 ILCS 60/5 (West 2010)) required a general contractor to give an owner a written statement containing names of all parties furnishing materials or labor and amounts due or to become due to each when such a statement is requested. In response to the motion for summary judgment, Cityline argued that strict compliance with the Act was not required and that the Owners suffered no prejudice from Cityline's alleged failure to furnish the contractor's sworn statement because all subcontractors had been paid. Attached to Cityline's response was an affidavit signed by Cityline's vice-president Kirk Leister attesting that all subcontractors had been paid.

¶ 6    The trial court granted partial summary judgment as to count I of Cityline's complaint and count II of the Owners' counterclaim.[1] The trial court made an express written finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason to delay enforcement or appeal of the court's ruling. This appeal followed.[2]

¶ 7    The two issues presented for review in this appeal are the circuit court's grant of summary judgment in favor of the Owners on count I of Cityline's complaint and count II of the Owners' counterclaim. The resolution of these issues turns on the same question of whether Cityline's mechanic's lien is void due to its failure to provide the Owners with a sworn contractor's statement as required by section 5 of the Act. As they turn on the same question, we consider both of these issues together.

¶ 8    Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010); *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). In determining whether the moving party is entitled to summary judgment, the court must strictly construe the pleadings and evidentiary material in the record against the movant. *Happel v. Wal-Mart Stores*, *Inc.*, 199 Ill. 2d 179, 186 (2002). The circuit court's decision to grant or deny a motion for summary judgment is reviewed *de novo*. *Harrison*, 197 Ill. 2d at 470-71.

---

[1]The record on appeal does not contain a transcript of the hearing, if one took place, at which the trial court granted summary judgment. However, the parties on appeal agree that summary judgment was entered because of Cityline's failure to provide the contractor's sworn statement. This is of no consequence because we review the entry of summary judgment *de novo*. See *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill. 2d 466, 470-71 (2001).

[2]Counts II (breach of contract) and III (*quantum meruit*) of Cityline's complaint, as well as various counts of the Owners' counterclaim, are still pending in the circuit court.

¶ 9    The issues raised in this case also require us to interpret the Act. The primary rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *In re Marriage of Rogers*, 213 Ill. 2d 129, 136 (2004). The best evidence of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. *In re Donald A.G.*, 221 Ill. 2d 234, 246 (2006). Interpretation of a statute is a question of law that is reviewed *de novo*. *Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund*, 216 Ill. 2d 590, 595 (2005).

¶ 10    It is well established that the Act must be strictly construed with respect to all the statutory requirements upon which the right to a lien depends. *Deerfield Electric Co. v. Herbert W. Jaeger & Associates, Inc.*, 74 Ill. App. 3d 380, 385 (1979) (citing *North Side Sash & Door Co. v. Hecht*, 295 Ill. 515, 519 (1920), and *Components, Inc. v. Walter Kassuba Realty Corp.*, 64 Ill. App. 3d 140, 145 (1978)). The rights created under the Act are statutory and in derogation of the common law, and the technical and procedural requirements necessary for a party to invoke the benefits of the Act must be strictly construed. *Westcon/Dillingham Microtunneling v. Walsh Construction Co. of Illinois*, 319 Ill. App. 3d 870, 877 (2001). Strict construction of the Act ensures and instructs that "[t]he lien is valid only if each of the statutory requirements is scrupulously observed." (Internal quotation marks omitted.) *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 839 (1990).

¶ 11    Section 5(a) of the Act provides in relevant part:

"(a) *It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor*, before the owner or his agent, architect, or superintendent shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due to the contractor, or make or cause to be made to the contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing labor, services, material, fixtures, apparatus or machinery, forms or form work and of the amounts due or to become due to each." (Emphasis added.) 770 ILCS 60/5(a) (West 2010).

¶ 12    Here, Cityline acknowledges that it failed to provide the sworn contractor's statement required by section 5 of the Act. However, Cityline asserts that under First District precedent, its failure to do so is not fatal to its mechanic's lien. Furthermore, Cityline argues that the affidavit submitted by its vice-president stating that all subcontractors had been paid was sufficient to meet the requirements of the Act. Finally, Cityline argues that because all the work on the residence was completed and all of the subcontractors were paid, the Owners were not prejudiced by the lack of contractor's sworn statement and therefore strict compliance with the Act should be excused. We disagree.

¶ 13    The plain language of the statute clearly requires that if the owner demands a sworn contractor's statement, it "shall be the duty" of the contractor to provide such a statement as described in section 5 of the Act. 770 ILCS 60/5 (West 2010). Essentially, Cityline argues that strict compliance with section 5 is not required under the circumstances of this case because it would be unfair to lose a mechanic's lien claim based upon a "technicality." We have not found any First District cases speaking directly to this issue. However, cases decided by the Second District of the Appellate Court have addressed requirements of section 5 in the context

of claims similar to those raised by Cityline in this case and have held that the statutory language of the Act must be strictly followed.

¶ 14    For example, in *Deerfield*, a mechanic's lien was not granted where a bank, on behalf of a homeowner's association (the Association) to whom it had given a construction loan, requested from the general contractor a sworn contractor's statement and the contractor failed to provide one. *Deerfield*, 74 Ill. App. 3d at 380. In that case, the Association initially sent a letter to the contractor stating that the bank had requested from the contractor a list of subcontractors and itemized costs. One month later, the contractor submitted a letter to the Association asking for partial payment and listing by name and trade the subcontractors that it had used. *Id*. at 382. No mention was made in the letter of any amounts due or to become due to the individual contractors nor was this list verified by affidavit. *Id*. Several days later, the Association forwarded to the bank the contractor's letter requesting payment as well as an application-for-payment form that it had subsequently received from the contractor. *Id*. That form listed numerous categories of work and the amounts due or to become due under those categories. However, this document did not name or otherwise identify the persons or companies who were the subcontractors to whom payments were due nor was it verified by oath or affidavit. *Id*. The bank did not make payment to the contractor but instead sent it a letter stating that before the first payment could be made, it required a sworn general contractor's affidavit listing all subcontractors and designating their specific jobs and contract amounts. The contractor subsequently sent an updated application-for-payment form requesting an amount for all work completed at that time. This application was in the same form as the previous application and it again did not name any of the subcontractors who furnished the materials or labor. The application contained a certification by the contractor's president that all of the work described in the application had been completed and that the payment requested therein was due. *Id*. at 382-83. Although they were not introduced into evidence at trial, the contractor's president later testified at trial that attached to the second application were signed lien waivers executed by the contractor and the subcontractors showing all of the payments that the contractor was requesting. *Id*. at 383. The contractor ceased work after it was not paid by the Association and as a result filed an action to foreclose its mechanic's lien on the subject property. *Id*. In response, the Association filed a counterclaim seeking damages against the contractor for breach of contract based upon the contractor abandoning its work. *Id*. The case proceeded to a bench trial, at the conclusion of which the court entered judgment in favor of the contractor on its mechanic's lien claim. *Id*.

¶ 15    On appeal, the Association argued that the mechanic's lien was invalid because the contractor failed to furnish the requested sworn contractor's statement. The contractor, on the other hand, argued that the request-for-payment form and lien waivers submitted constituted sufficient compliance with section 5 of the Act. The appellate court began by observing that "[i]t is well established that the Mechanics' Lien Act must be *strictly construed* with respect to all the statutory requirements upon which the right to a lien depends." (Emphasis added.) *Id*. at 385. The court further noted that "[s]ection 5 requires that the contractor give the owner a written statement, under oath or verified by affidavit, of the names of all parties furnishing material or labor and the amounts due or to become due to each of them." (Emphasis omitted.) *Id*. Applying these principles, the court noted that the request-for-payment form did not state the names of any of the parties furnishing work or material. Moreover, those necessary names

could not be provided by reference to the lien waivers, which were not submitted at trial, because those names would not then have been given under the oath or affidavit of the contractor. *Id*. Further, the sworn certification did not identify the individuals or companies by name. Nor did the certificate incorporate the names found on any lien waiver forms. For these reasons, the court held that the combination of documents sent by the contractor did not meet the requirements of section 5 of the Act and reasoned that the owner would have been unprotected if it had made the payment to the contractor in reliance thereon. *Id*. at 386.

¶ 16        Similarly, in *Weydert Homes, Inc. v. Kammes*, 395 Ill. App. 3d 512 (2009), a general contractor filed a complaint against a homeowner seeking to enforce a mechanic's lien and asserting claims for breach of contract and *quantum meruit*. The circuit court dismissed the complaint, and the contractor appealed. The appellate court began by reaffirming that "[t]he rights created under the Act are statutory and in derogation of the common law, and the technical and procedural requirements necessary for a party to invoke the benefits of the Act must be strictly construed." *Id.* at 516 (citing *Westcon/Dillingham Microtunneling*, 319 Ill. App. 3d at 877). The court then noted that the general contractor in that case had submitted a sworn contractor's statement but that the purported oath therein was not administered correctly. *Weydert*, 395 Ill. App. 3d at 519. As a result, the court held that the statement did not meet the requirements of section 5 that the contractor's statement be "under oath or to be verified by affidavit." (Emphasis omitted.) *Id*. at 517. The contractor nevertheless argued that it fulfilled the intent of section 5 given that the homeowner did not request the section 5 sworn statement until after the contractor perfected its lien and after the 90-day deadline by which claims of subcontractors were due. *Id*. at 519 (citing 770 ILCS 60/24 (West 2006)). The contractor claimed the *purpose* of section 5 was met because the owner had notice of any subcontractors' claims. *Id*. However, the court refused to read such an exception into the statute or to otherwise excuse the contractor's failure to strictly comply with the requirements of section 5 of the Act. The court observed:

> "We do not read into the plain language of a statute exceptions, limitations, or conditions that conflict with the legislature's expressed intent. [Citation.] The only time limitation that the statute provides is that the owner must request, and the contractor must furnish, a sworn statement before the owner or his agent, architect, or superintendent pays any moneys or other consideration to the contractor. To construe the statute as plaintiff suggests would be to read into it a condition or limitation the legislature did not express. Moreover, courts should not extend mechanic's liens 'to cases not provided for by the language of the [A]ct even though they may fall within its reason.' " (Internal quotation marks omitted.) *Id.* at 519-20 (citing *Inter-Rail Systems, Inc. v. Ravi Corp.*, 387 Ill. App. 3d 510, 516 (2008), quoting *Robinette v. Servite Fathers*, 49 Ill. App. 3d 585, 587 (1977)).

In reaching this conclusion, the appellate court rejected the contractor's reliance upon another decision holding that the failure to provide a valid section 5 sworn contractor's statement will not preclude the contractor's claim where the time for subcontractors to file their claims has expired. *Id*. at 520 (citing *Northwest Millwork Co. v. Komperda*, 338 Ill. App. 3d 997 (2003)). The court noted that *Northwest Millwork* involved a breach of contract claim and the issue of whether the failure to furnish a sworn statement precluded the contractor from recovering on his *contract*. *Weydert*, 395 Ill. App. 3d at 520. The court further noted that the court in

*Northwest Millwork* held that it would be inequitable to allow a technicality to defeat an otherwise valid *contract claim*. *Id.* (citing *Northwest Millwork*, 338 Ill. App. 3d at 1003). The court concluded by noting that unlike the breach of contract claim at issue in *Northwest Millwork*, " '[i]t is well established that the creation of a mechanics lien is entirely governed by the Act, and the rules of equity jurisprudence are irrelevant at this stage.' " *Weydert*, 395 Ill. App. 3d at 520 (quoting *Westcon/Dillingham Microtunneling*, 319 Ill. App. 3d at 877).

¶ 17    Although these decisions are not binding on this court, we agree with and adopt the reasoning expressed in them. In both of these cases, the court strictly construed the requirements of section 5 and refused to look beyond or otherwise excuse a contractor's failure to comply with the requirements of a sworn contractor's statement. We agree with these decisions that, regardless of equitable considerations, the rights created under the Act are in derogation of the common law and therefore the procedural and technical requirements of section 5 of the Act must be strictly complied with in order for a mechanic's lien to be valid.

¶ 18    Applying the reasoning in these cases to the present case, we conclude that Cityline failed to comply with section 5 of the Act and that the trial court's grant of summary judgment was proper. In this case, it is undisputed that the Owners requested a sworn contractor's statement and that Cityline did not provide one. The affidavit submitted by Cityline indicating that all subcontractors had been paid did not comply with section 5 because it did not list or name the subcontractors and materialmen or state the total amounts due to each of them. See 770 ILCS 60/5 (West 2010); *Deerfield*, 74 Ill. App. 3d at 385; *Weydert*, 395 Ill. App. 3d at 519. Cityline is asking this court to excuse its failure to comply with section 5 on the asserted basis that all of the subcontractors have been paid and that therefore the Owners were not prejudiced by the lack of a sworn contractor's statement. However, no such exception is contained in section 5 of the Act and, under the strict construction adopted above, we will not read any such exception into the plain language of the statute. See *Weydert*, 395 Ill. App. 3d at 519. Cityline also argues that because all the subcontractors have been paid, the purpose of the Act was served and it would be unfair to allow a "technicality" to defeat its mechanic's lien. However, as the court noted in *Weydert*, 395 Ill. App. 3d at 520, "the creation of a mechanics lien is entirely governed by the Act, and the rules of equity jurisprudence are irrelevant at this stage." (Internal quotation marks omitted.) Therefore, we cannot look beyond Cityline's failure to comply with section 5 based upon equitable considerations such as whether the Owners were prejudiced by the lack of a sworn contractor's statement. See *Weydert*, 395 Ill. App. 3d at 520. We note that whether all of the subcontractors have actually been paid is an issue of fact that should not be resolved by this court. Regardless, it is not a *material* issue of fact because Cityline did not provide the required sworn contractor's statement.

¶ 19    We also note that our holding here does not have the dire consequences that Cityline claims it would. The Owners are not escaping a $375,302 bill as a result of our holding because Cityline still has its claims for breach of contract and *quantum meruit* pending in the circuit court, where Cityline can more appropriately present its arguments regarding equitable considerations.

¶ 20    Cityline nevertheless contends that we should look to the First District's holding in *National Wrecking Co. v. Midwest Terminal Corp.*, 234 Ill. App. 3d 750 (1992). Cityline claims that under this decision, the failure to comply with section 5 of the Act can be excused. We disagree because we do not find the holding in *National Wrecking* to be applicable to the

facts of this case. In *National Wrecking*, the plaintiff contractor brought suit against the defendant, a property owner who hired the plaintiff to perform work on the property. *Id*. at 756. The contractor claimed that it had performed work on the owner's property pursuant to a contract and that the owner had not made the agreed-upon payments. *Id*. Count I of the complaint sought to foreclose on a mechanic's lien and count II asserted a breach of contract claim. *Id*. On appeal, among other things, the property owner argued that the contractor's failure to provide a sworn contractor's statement as required by section 5 of the Act barred the contractor from recovering on its *breach of contract* claim. *Id*. at 763. The court reviewed its prior decision on this issue as well as subsequent amendments to the Act and held that the failure to provide the sworn contractor's statement did not bar recovery on the breach of contract claim. *Id*. at 763-64. In *dicta*, the court stated, "it is undisputed that the failure to provide a sworn statement does not bar a mechanics' lien claim." *Id*. at 764.

¶ 21    *National Wrecking* is not inconsistent with our holding in this case and does not stand for the proposition that the First District has rejected a strict interpretation of the Act. First, the question raised in *National Wrecking* was whether the failure to provide the sworn contractor's statement barred recovery on a *breach of contract* claim. Here, the question is whether the failure to provide the contractor's statement bars recovery on a *mechanic's lien* claim. Unlike a breach of contract claim, the validity of a mechanic's lien is governed entirely by the Act and therefore the holding in *National Wrecking* has no bearing on the issue presented in this appeal. In fact, the issue of whether the Act's requirements should be strictly construed was not even raised or discussed in *National Wrecking*. Second, the statement in *National Wrecking* that the failure to provide a sworn contractor's statement does not bar a mechanic's lien claim is *dicta*. Finally, after making that statement, the court in *National Wrecking* cited to two earlier decisions holding that the requirement to provide a sworn contractor's statement can be waived. See *National Wrecking*, 234 Ill. App. 3d at 764 (citing *Gillespie v. Patrick*, 146 Ill. App. 290 (1909), and *Rawle v. Gilmore*, 76 Ill. App. 372 (1898)). However, *Gillespie* and *Rawle* interpreted a prior version of the Act that is different from the version applicable to this case. More importantly, this line of cases simply held that the requirement of a sworn contractor's statement can be waived when the owner does not make a demand for such a statement. See *Gillespie*, 146 Ill. App. at 296; *Rawle*, 76 Ill. App. at 375. In the present case, there is no issue as to waiver and it is undisputed that the Owners demanded a sworn contractor's statement. For all of these reasons, the holding in *National Wrecking* does not provide a basis for this court to excuse Cityline's failure to provide the Owners with a sworn contractor's statement.

¶ 22    Finally, in reaching this conclusion, we note that Cityline relies upon one other case for its argument that its failure to provide a sworn contractor's statement can be excused. The case relied upon by Cityline, *Kasinecz v. Duffy*, 2013 IL App (2d) 121329-U, is an unpublished decision that has no precedential value. See Ill. S. Ct. R. 23(e) (eff. July 1, 2011) (an unpublished order of the court "is not precedential and may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case").

¶ 23    For the reasons stated, we affirm the circuit court of Cook County's order granting summary judgment in favor of the Owners on count I of Cityline's complaint and count II of the Owners' counterclaim.

¶ 24          Affirmed.